SAMUEL D. IRVIN, plaintiff in error, *vs.* JAMES W. CORBIN, defendant in error.

1. Exceptions to rulings not taken in the court below, and not stated as grounds of the motion for new trial, cannot be considered by this court, though set forth in the bill of exceptions. (R.)

2. This court will not control the discretion of the presiding judge in granting a new trial on the sole ground that the verdict is contrary to the law and the evidence, unless the record clearly discloses that the law and the evidence required the verdict, and that the judge had thus abused his discretion.

New trial. Before Judge HALL. Spalding Superior Court. August Term, 1875.

Reported in the opinion.

J. D. STEWART; R. F. LYON; SAMUEL D. IRVIN, for plaintiff in error.

A. M. SPEER; D. N. MARTIN, for defendant.

JACKSON, Judge.

This was a bill in equity filed by Irvin against Corbin, to enjoin a judgment obtained by Corbin against one Jackson, who had been garnisheed to answer how much he owed one Mathews, and having failed to answer, judgment had gone against him as garnishee. The allegations are that Irvin was the innocent purchaser of the land of Jackson, which was levied upon by the judgment in favor of Corbin, without notice of the judgment; that the original judgment against Mathews was illegal for many reasons; that the judgment against Jackson, the garnishee, was also illegal for many reasons; and that Irvin having bought in good faith, had expended moneys in improvements upon the premises, in expenses for the last illness of Jackson, and counsel fees in and about the premises before he purchased them, which ought to be paid back to him; and that he had paid the widow of Jackson some $900 00 balance due on the land,

Irvin *vs.* Corbin.

which was set apart for her year's support, and that he ought to be protected in that. The jury, under the charge of the court, found for the complainant, and a decree was had perpetually enjoining Corbin's judgment. A motion was made for a new trial on the ground that the verdict was against the law and evidence, which was granted by the court, and Irvin, the complainant, excepted.

1. In the exceptions are many complaints here of improper and illegal rulings by the court below on the admission and rejection of evidence, and in regard to the charge; but the judge says that these were not in the motion for a new trial, were not complained of below, and not excepted to *there*; and that more than sixty days had elapsed before they were complained of at all to him. Of course we cannot hear them, for the reason, if no other, that they are not certified to, but the judge expressly declined to embrace them in his certificate.

2. So that the question is narrowed to this: Is the verdict so clearly and fully supported by the evidence and the law, as to require us to overrule the discretion of the presiding judge in granting a new trial? We cannot say that it is; no great harm· can be done by a new hearing; the presiding judge was dissatisfied with the verdict; the record is somewhat confused and uncertain; and in accordance with our uniform and numerous rulings to this effect, we will not control the discretion of the presiding judge in the premises.

It is, perhaps, well to add for reference, that this case, or a branch thereof on a prayer for injunction, was before this court on a former occasion, reported in 39 *Georgia Reports*, 103; but nothing then decided affects the simple question now made.

Judgment affirmed.